**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOIS WHITE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARRIOTT INTERNATIONAL, INC., a ) <br> Delaware corporation, d/b/a "THE ) <br> WESTIN MICHIGAN AVENUE ) <br> CHICAGO," ) <br> ) <br> Defendant. ) | Case No. 1:24-cv-01838 <br><br> Hon. |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Lois White, through her undersigned counsel, states the following in support of her Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant Marriott International, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

1

## PARTIES

3. Plaintiff is a resident of Cook County, Illinois.

4. Defendant Marriott International, Inc. is a corporation with its registered office located at 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

5. Upon information and belief, Defendant Marriott International, Inc. owns or operates "The Westin Michigan Avenue Chicago" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

8. Plaintiff suffered from these disabilities during her initial visits (and prior to instituting this action) to "The Westin Michigan Avenue Chicago."

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist her movement.

11. Plaintiff regularly travels to the Chicago area to visit friends and shop. Most recently, Plaintiff was in the Chicago area in February 2024. Plaintiff plans to return to the area in May 2024.

12. Plaintiff stays at hotels when she is in the area.

13. Plaintiff does not always stay at the same hotel, but prefers to shop around for the best amenities, prices, and ease of access to accommodate her disabilities.

14. Plaintiff regularly experiences barriers to access relating to her disability at hotels due to her frequent travels.

15. While many hotels advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit hotels that offer the amenities, pricing, and location she desires prior to making a reservation to ensure that she can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that The Westin Michigan Avenue Chicago hotel is accessible, Plaintiff encountered barriers to access at the Chicago Facility, which denied her full and equal access and enjoyment of the services, goods, and amenities when she visited the Chicago Facility on February 5, 2024.

18. Plaintiff is currently deterred from considering the Facility as a lodging option on her future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to her disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that she was discriminated against on the basis of her disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Chicago Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, their operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on February 5, 2024 at the Chicago Facility located at 900 Michigan Ave., Chicago, IL 60611 that affected her disabilities:

    a. Lobby Women Restroom:

i. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back injury.

ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

iii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back injury to use the coat hook.

iv. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

v. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar, and therefore strains her back and knee injuries as she needs the grab bars for assistance getting onto and off of the toilet.

      vi. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which causes unnecessary strain on Plaintiff's back injury to use the dispenser.

      vii. Failing to provide the water closet seat at the correct height above the finished floor in violation of sections 604 and 604.4 of the Standards, which aggravates Plaintiff's leg and back injuries and causes her undue pain getting onto and off of the toilet.

      viii. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

      ix. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which aggravates Plaintiff's back injury.

b. Women's Restroom by Meeting Rooms:

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which

        aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

    ii. Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of sections 306, 306.1, 306.3, 606 and 606.2 of the Standards, which aggravates Plaintiff's back injury by requiring unnecessary turning and maneuvering to use the counter or sink element.

c. Stall:

    i. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which prevents Plaintiff from safely grasping the operable part and causes strain on Plaintiff's hand and shoulder injuries.

    ii. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

    iii. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar, and

      therefore strains her back and knee injuries as she needs the grab bars for assistance getting onto and off of the toilet.

iv. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar, and therefore strains her back and knee injuries as she needs the grab bars for assistance getting onto and off of the toilet.

v. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which causes unnecessary strain on Plaintiff's back injury to use the dispenser.

vi. Failing to provide the water closet seat at the correct height above the finished floor in violation of sections 604 and 604.4 of the Standards, which aggravates Plaintiff's leg and back injuries and causes her undue pain getting onto and off of the toilet.

vii. Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

viii. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar due, and therefore strains her back and knee injuries as she needs the grab bars for assistance getting onto and off of the toilet.

ix. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

x. Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

xi. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back injury.

xii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the

9

     Standards, which causes unnecessary strain on Plaintiff's back injury to use the coat hook.

  xiii. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which aggravates Plaintiff's back injury.

  xiv. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which causes unnecessary strain on Plaintiff's back injury to use the dispenser.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in her legs and back requiring extra care due to concerns for safety and a fear of aggravating her injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

                                        Respectfully submitted,

                                        CASS LAW GROUP, P.C.

                                        /s/ Angela C. Spears
                                        Angela C. Spears (IL Bar #: 6327770)
                                        CASS LAW GROUP, P.C.
                                        20015 S. LaGrange Rd #1098
                                        Frankfort, IL 60423
                                        T: (833) 343-6743
                                        F: (855) 744-4419
                                        E: aspears@casslawgroup.com
                                        *Counsel for Plaintiff*

Dated: March 5, 2024